UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

<table>
<tr><td>SHERIE ABEL,<br><br>        Plaintiff,<br><br>   v.<br><br>OCEANIC ARCATA, LP, et al.,<br><br>        Defendants.</td><td>Case No. 17-cv-03734-SI<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 45</td></tr>
</table>

Having considered the papers submitted and arguments made during the April 5, 2019 hearing, the Court hereby GRANTS plaintiff's motion for partial summary judgment concerning liability under the Unruh Civil Rights Act claim.


## BACKGROUND

Plaintiff Sherie Abel is a quadriplegic who requires the assistance of a caretaker. Dkt. No. 45-1 at 2. In early September 2015, Ms. Abel and her husband, Steven Keck, visited the Red Roof Inn in Arcata, California on their honeymoon. Dkt. No. 47 at 11-12 (Abel Depo. Testimony). They stayed in a handicapped accessible room. *Id.* at 13. Ms. Huskelhus, an experienced caretaker, accompanied Ms. Abel and Mr. Keck on the trip. *Id.* at 13-14.

During the late morning of September 7, 2015, while at the Red Roof Inn, Ms. Huskelhus went to bathe Ms. Abel. *Id.* at 14. Ms. Huskelhus placed Ms. Abel in the shower using a Hoyer lift.[1] *Id.* at 19-20. Ms. Abel remained in her Hoyer lift for the entirety of her bathing session. *Id.*

---

[1] A Hoyer lift is a small crane-like device used to lift and transport those with reduced mobility. *See* Dkt. No. 47 at 19-20 (Abel Depo. Testimony). The individual is placed onto a wide swing. *Id.* Ms. Abel has two swing inserts – one that is netted and another that is canvas. Dkt. No. 47 at 45 (Huskelhus Depo. Testimony). Plaintiff testified that on the day in question the netted swing was used. Dkt. No. 47 at 19-20 (Abel Depo. Testimony).

United States District Court<br>Northern District of California

Once Ms. Abel was situated in the shower, Ms. Huskelhus began adjusting the water temperature. *Id.* at 21. Ms. Huskelhus tested the water temperature by running the water on her own hand. *Id.* at 21-22. Ms. Huskelhus tested the water and told Ms. Abel she would have to take a cold shower because the water was tepid. *See id.* at 21-23. Ms. Huskelhus began the shower by first putting water on Ms. Abel's upper shoulder so she could feel the water temperature. *Id.* at 26-27. Soon after, Ms. Huskelhus let go of the nozzle, letting water run on Ms. Abel's back, while Ms. Huskelhus reached for the shampoo. *Id.* at 27. When Ms. Huskelhus looked again at Ms. Abel's back, she noticed Ms. Abel's skin was getting red and appeared burned. *Id.* Ms. Huskelhus removed Ms. Abel from the shower and iced the affected areas of Ms. Abel's body. *Id.* at 30.

On September 8, 2015, the day after the incident, Ms. Huskelhus phoned emergency services after she could not provide adequate relief to Ms. Abel. Dkt. No. 45-3 (Abel Declaration ¶ 11). Ms. Abel was admitted to the Mad River Community Hospital where she was diagnosed with second degree burns. *Id*; Dkt. No. 45-4 at 32-38 (Plaintiff Exhibits). Specifically, hospital records note that Ms. Abel had one burn the size of a half-dollar bill with a quarter sized blister on her right hip, a circle of redness the size of a basketball on her right buttocks with a blister the size of a fifty-cent-piece, and redness on her sacrum without a blister. Dkt. No. 45-4 at 36 (Plaintiff Exhibits).

That day, Mr. Keck used a thermometer he purchased from a local hardware store to measure the water temperature[2] and determined the water temperature was 140 degrees Fahrenheit. *See* Dkt No. 45-3 at 2-3 (Abel Declaration ¶13); Dkt. No. 45-4 at 22-31 (Plaintiff Exhibits).

On June 29, 2017, Ms. Abel filed the instant action against Oceanic Arcata, LLC[3] (hereinafter referred to "Oceanic" or "defendant") alleging five claims. Dkt. Nos. 1 & 7. On February 14, 2019, plaintiff filed a motion for partial summary judgment against defendant for

---

[2] Plaintiff submitted photos of the water with the thermometer reflecting approximately 140 degrees Fahrenheit. Dkt. No. 45-4 at 22-38 (Plaintiff Exhibits). The photographs capture a Styrofoam cup of water placed in the shower and on the sink. *Id.* Defendant's brief states, without citation to evidence, that Mr. Keck took the water sample from the sink, not the shower. Dkt. No. 50 at 2 (Opposition to Motion for Partial Summary Judgment).

[3] Oceanic owned the Red Roof Inn in Arcata, California where plaintiff stayed and sustained her injuries. Since the time of the injury, that Red Roof Inn was sold to 4975 Valley West, LLC, which currently owns the property and is not a party subject to this motion.

violating her rights under California's Unruh Civil Rights Act (Unruh Act). Dkt. No. 45. Plaintiff's motion is confined to adjudicating defendant's liability as to the Unruh Act claim, and does not seek a ruling on damages at this time. *Id.*

**LEGAL STANDARD**

## I.  Summary Judgment

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The moving party has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate an absence of evidence to support the non-moving party's case. *Id.* at 325.

Once the moving party has met its burden, the burden shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting then Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

For summary judgment, the Court must view evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment . . ." *Id.* However, conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Parties must present admissible evidence. Fed. R. Civ. P. 56(c).

## II.    Title III of the ADA & The Unruh Act

Title III of the Americans with Disabilities Act of 1990 (ADA) prohibits discrimination by public accommodations. 42 U.S.C. §§ 12182-12188 (1990). As a general rule, Title III provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." *Id.* § 12182(a). This rule requires that existing facilities be readily accessible to, and useable by, the disabled. *Id.* §§ 12182(b)(2)(A)(iv), 12188(a)(2). "Whether a facility is 'readily accessible' is defined, in part, by the" ADA Accessibility Guidelines ("ADAAG"). *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (internal citation omitted). Finally, in the disability context, state law operates similarly to the ADA, as California's Unruh Act provides that any violation of the ADA necessarily "shall constitute a violation of [the Unruh Act]." Cal. Civ. Code § 51(f) (2016); *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007).

A Title III discrimination claim, and by extension the Unruh Act, is premised on the following elements: (1) plaintiff is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) that plaintiff was denied public accommodations by defendant because of her disability. 42 U.S.C. §§ 12182(a)-(b) (1990); *Molski*, 481 F.3d at 730.

However, to recover under the Unruh Act, a plaintiff must show she *encountered* the violation on a particular occasion, which is not required to recover under the ADA. California Jury Instruction 3070.

### DISCUSSION

The parties stipulate that plaintiff is disabled within the meaning of the ADA and that defendant is a private entity that owned a public accommodation. Dkt. No. 49 at 2 (Opposition to the Separate Statement). The parties are in further agreement that defendant Oceanic Arcata violated the ADA because the water delivered at the public accommodation could reach temperatures above

120 degrees[4] in violation of ADA Accessibility Guidelines Section 607.6[5] (ADAAG 607.6). Dkt. No. 50 at 2 (Opposition) ("… plaintiff argues that allowing a bathtub shower to deliver water that is above 120 degrees Fahrenheit violates ADA regulations. The plaintiff goes on to argue that a violation of an ADA regulation is automatically a violation of the California Unruh Civil Rights Act. The defense <u>does not</u> dispute this basic description of the law."). Finally, the parties also agree that plaintiff took a shower and encountered water from a water heater which was set to a temperature in violation of the ADA and therefore the Unruh Act.

The parties do not agree on whether plaintiff *encountered water over 120 degrees*. Defendant argues that plaintiff could have suffered her injuries from water less than 120 degrees. Dkt. No. 50 at 6 (Opposition) ("First and second degree burns can occur at water temperatures both above and below 120 degrees" depending on the time of exposure). Defendant's basis for this assertion is (1) expert testimony that first and second degree burns can occur at water temperatures both above and below 120 degrees Fahrenheit and (2) arguing that the recollection of plaintiff and her caretaker do not match the report taken by the fire department or the injury patterns. *Id.*; Dkt. No. 48 at 3 (Declaration of Melina Aliza Costa, M.D).

Plaintiff's argument is simple: (1) she has a disability; (2) the Red Roof Inn is a public accommodation; and (3) defendant failed to comply with ADAAG 607.6 resulting in her being burned and thus denied a public accommodation. As evidence that the shower emitted water over 120 degrees Fahrenheit, plaintiff offers photographs of her injuries, photographs of the water from the hotel with a thermometer reading of approximately 140 degrees Fahrenheit, and medical records detailing the severity of her injuries. *See* Dkt. No. 45-4 (Plaintiff Exhibits).

Neither party has put forward evidence determining the exact temperature of the water during plaintiff's shower to prove whether plaintiff encountered water exceeding 120 degrees.

The following facts are not in dispute:

---

[4] During the April 5, 2019 hearing on the instant motion, counsel for Oceanic Arcata explained that the facility's water heater had been replaced shortly prior to plaintiff's stay; he speculated that this may have led to the water temperature being set improperly high.

[5] ADAAG 607.6 states: "Bathtub shower spray units shall deliver water that is 120 degrees Fahrenheit (49 degrees Celsius) maximum."

(1) plaintiff is disabled;

(2) the Red Roof Inn is a public accommodation;

(3) defendant Oceanic Arcata failed to comply with ADAAG 607.6;

(4) as such, the defendant Oceanic Arcata violated the ADA which, in turn, is a violation of the Unruh Act and;

(5) plaintiff encountered water emitted from a water heater with temperature settings in violation of ADAAG 607.6, and in turn the ADA and Unruh Act.

The Court hereby GRANTS summary judgment with respect to those five points. The parties shall note, the issue of whether plaintiff *encountered water over 120* degrees Fahrenheit is still in play to be proven at trial.

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for partial summary judgment finding: (1) plaintiff is disabled; (2) the Red Roof Inn is a public accommodation; (3) defendant Oceanic Arcata failed to comply with ADAAG 607.6; (4) as such, the defendant Oceanic Arcata violated the ADA which, in turn, is a violation of the Unruh Act and; (5) plaintiff encountered water emitted from a water heater with temperature settings in violation of ADAAG 607.6, and in turn the ADA and Unruh Act.

All issues concerning whether plaintiff encountered water over 120 degrees and damages under plaintiff's Unruh Act claim, will proceed to trial.

**IT IS SO ORDERED**.

Dated: April 10, 2019

_____

SUSAN ILLSTON
United States District Judge

6