UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERIE ABEL,<br><br>        Plaintiff,<br><br>    v.<br><br>OCEANIC ARCATA, LP, et al.,<br><br>        Defendants. | Case No. 17-cv-03734-SI<br><br>**ORDER RE JOINT DISCOVERY DISPUTE LETTER NO. 1**<br><br>Re: Dkt. Nos. 62, 64 |

On September 27, 2019, the parties submit a joint discovery dispute letter regarding plaintiff's responses to defendant Oceanic Arcata LP's ("Oceanic") special interrogatories set one ("SROGS"). This order follows.

Defendant argues plaintiff's responses are deficient and, while defendant admits to having a copy of plaintiff's medical records, argues that the records are so voluminous that the defense cannot know which pages are relevant without guidance from plaintiff. Plaintiff's medical records span over 1100 pages and plaintiff listed 23 treating doctors in her expert disclosures. Dkt. No. 64 at 3.

Plaintiff argues the burden of providing the information sought is the same for both parties and therefore plaintiff need not answer pursuant to FRCP 33(d). The Court disagrees.

Plaintiff is in a better position to answer many of the questions posed and indeed will need to do so for trial. The Court will address each subset of SROGS in turn below.

Oceanic's SROGs 1-11 ask for (1) dates of medical treatment; (2) names and addresses of medical providers; and (3) costs plaintiff claims for medical treatment for various periods, all in connection with injuries plaintiff allegedly sustained at the Red Roof Inn in Arcata ("the Incident"). Dkt. No. 64 at 8-9.[1] In response to each of these requests, plaintiff stated: "Objection: Undue and burdensome. Statement of Reason: Plaintiff's medical records are held by each individual medical provider. As such, because they are as equally available to the defense as they are the plaintiff (and the cost would be nearly identical), no response will be provided." *Id*. at 16-18. Plaintiff shall supplement her responses to SROGs 1-11 on or before October 23, 2019.

SROG 12 asks plaintiff to describe any future medical treatment she may require in connection with the Incident. Dkt. No. 64 at 9. Plaintiff objected arguing the request calls for expert testimony and refused to answer. *Id*. at 18. The Court agrees with plaintiff's objection and she need not supplement her answer.

SROGs 13-20 ask plaintiff whether during various time periods, in connection with the Incident, she has been diagnosed with heterotrophic ossification, rectal prolapse, dysreflexia, and pressure sores/ulcers, and to provide the name and address of the medical provider who diagnosed and treated her. Dkt. No. 64 at 10. Plaintiff's response to each of these requests stated: "Objection: Undue and burdensome. Statement of Reason: Plaintiff's medical records are held by each individual medical provider. As such, because they are as equally available to the defense as they are the plaintiff (and the cost would be nearly identical), no response will be provided." *Id*. at 18-21. Plaintiff shall supplement her responses to SROGs 1-11 on or before October 23, 2019.

SROGs 21-24 ask plaintiff to detail various monetary claims including: (1) claimed medical expenses stemming from the Incident; (2) wage losses stemming from the Incident, and how plaintiff calculates said wage loss; and (3) economic damages stemming from the Incident. Dkt. No. 64 at 11. Plaintiff refused to respond to SROG 21, arguing the information was equally available to defendant. *Id*. at 20. Plaintiff shall supplement her response to SROG 21 on or before October 23, 2019. Plaintiff's responses to SROG 22, 23, and 24 are sufficient.

---

[1] For ease of reference, page numbers refer to the ECF assigned page number in the upper right corner of the document.

SROG 25 asks: "How can hot water coming out of a shower spray nozzle pointed at the body of a person sitting in a Hoyer lift cause burns only to the buttocks and hip area of the sitting person?" Dkt. No. 64 at 11. Plaintiff objected, arguing the request is argumentative, assumes facts not in evidence, and calls for expert testimony, and on those bases refused to answer. The Court agrees with plaintiff; no answer is required.

**IT IS SO ORDERED**.

Dated: October 7, 2019

_____
SUSAN ILLSTON
United States District Judge