UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERIE ABEL,<br><br>    Plaintiff,<br><br>v.<br><br>OCEANIC ARCATA, LP, et al.,<br><br>    Defendants. | Case No. 17-cv-03734-SI<br><br>**ORDER DENYING DEFENDANT OCEANIC ARCATA'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 63 |

Defendant Oceanic Arcata's motion for summary judgment was heard on November 8, 2019. Having considered the papers submitted and the arguments made, the court hereby DENIES the motion for summary judgment in its entirety.

**BACKGROUND[1]**

Plaintiff Sherie Abel is a quadriplegic who requires the assistance of a caretaker. Dkt. No. 49 at 2[2]. In early September 2015, Ms. Abel and her husband, Steven Keck, visited the Red Roof Inn in Arcata, California on their honeymoon. Dkt. No. 63-1 at 12 (Motion for Summary Judgment); Dkt. No. 63-2 at 16-17 (Ex. A – Abel Depo.). They stayed in a handicapped accessible room. Dkt. No. 63-1 at 14 (Motion for Summary Judgment). Ms. Huskelhus, an experienced caretaker,

---

[1] Unless otherwise stated, these facts are undisputed.

[2] For ease of reference, all citations to page numbers refer to the ECF branded number in the upper right corner of documents.

accompanied Ms. Abel and Mr. Keck on the trip. Dkt. No. 49 at 2. In September 2015, defendant Oceanic Arcata owned the Inn. Dkt. No. 49 at 3.

During the late morning[3], while at the Red Roof Inn, Ms. Huskelhus went to bathe Ms. Abel. Dkt. No. 63-1 at 14. Ms. Huskelhus placed Ms. Abel in the shower using a Hoyer lift. Dkt. No. 63-2 at 24-26 (Ex. A – Abel Depo.). Ms. Abel remained in her Hoyer lift for the entirety of her bathing session. *Id*; *see also* Dkt. No. 63-2 at 53-54 (Ex. B – Huskelhus Depo.).

Once Ms. Abel was situated in the shower, Ms. Huskelhus began adjusting the water temperature. Dkt. No. 63-2 at 26-29 (Ex. A – Abel Depo.). Ms. Huskelhus tested the water and told Ms. Abel she would have to take a cold shower because the water was tepid. *Id*. Soon after, Ms. Huskelhus, letting water continue to run on Ms. Abel, retrieved the shampoo.[4] *Id*. at 32; see also Dkt. No. 63-2 at 54-57 (Ex. B – Huskelhus Depo.). When Ms. Huskelhus looked again at Ms. Abel's back, she noticed Ms. Abel's skin was getting red and appeared burned. *Id*.

Mr. Keck used a thermometer he purchased from a local hardware store to measure the water temperature from the sink and determined the water temperature was 140 degrees Fahrenheit.[5] *See* Dkt No. 45-3 at 2-3 (Abel Declaration ¶13).

In February 2019, plaintiff brought a motion for partial summary judgment. Dkt. No. 45. This Court granted partial summary judgment (Dkt. No. 57) with respect to the following five points:

(1) plaintiff is disabled;

(2) the Red Roof Inn is a public accommodation;

(3) defendant Oceanic Arcata failed to comply with ADAAG 607.6;

---

[3] The day of the incident is disputed. See Dkt. No. 70-1 at page 2 ("… disputed that September 7, 2015 was the date of the incident. Sherie testified at her deposition that she didn't remember when she went to the emergency room … Her attendant testified, however that they went to the emergency room the same day that Sherie got burned, i.e. September 8, 2015 … The attendant's testimony is corroborated by Dr. Wilcox's medical records.") (Plaintiff's Response to Defendant Oceanic's Statement of Undisputed Facts).

[4] The parties dispute how long Ms. Huskelhus left Ms. Abel, and how long the water was left running on Ms. Abel's body, when she retrieved the shampoo.

[5] There is a dispute as to when Mr. Keck measured the temperature of the water from the sink – on the day of the incident or the next day. Dkt. No. 71 at 6 ("Both the plaintiff and the defense must now acknowledge that the timing of the water test by husband Steve Keck is uncertain.") (Reply).

(4) as such, the defendant Oceanic Arcata violated the ADA which, in turn, is a violation of the Unruh Act and;

(5) plaintiff encountered water emitted from a water heater with temperature settings in violation of ADAAG 607.6, and in turn the ADA and Unruh Act.

The Court noted in its order granting partial summary judgment that "the issue of whether plaintiff *encountered water over 120* degrees Fahrenheit is still in play to be proven at trial." Dkt. No. 57 (emphasis in original).

## LEGAL STANDARD

Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The moving party has no burden to disprove matters on which the non-moving party will have the burden of proof at trial. The moving party need only demonstrate an absence of evidence to support the non-moving party's case. *Id.* at 325.

Once the moving party has met its burden, the burden shifts to the non-moving party to "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting then Fed. R. Civ. P. 56(e)). To carry this burden, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). "The mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

For summary judgment, the Court must view evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id.* at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment . . ." *Id.* However,

3

conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Parties must present admissible evidence. Fed. R. Civ. P. 56(c).

**DISCUSSION**

Defendant Oceanic Arcata seeks summary judgment with respect to the second, third, and fifth causes of action for violations of the California Disabled Persons Act, the Unruh Civil Rights Act, and Personal Premises Liability respectively. Dkt. No. 63-1 at 4 (Motion for Summary Judgment). Defendant argues summary judgment is proper on the second and third causes of action because plaintiff has failed to prove she ***encountered*** a barrier – specifically water above 120 degrees Fahrenheit. *Id*. For the fifth cause of action, defendant argues plaintiff has failed to prove water above 120 degrees Fahrenheit ***caused*** her injury. *Id*. Defendant also seeks summary judgment with respect to damages – arguing damages should be limited to September 2015 because plaintiff has not provided evidence for medical treatment after that time. *Id*. at 5.

**I.    There Are Material Issues of Disputed Fact Regarding "Encounter" and "Causation"**

Defendant argues plaintiff cannot show she encountered water above 120 degrees Fahrenheit. However, defendant has not shown the shower water Ms. Abel encountered was under 120 degrees and there are material disputed facts that preclude granting defendant's motion.

Defendant argues summary judgment should be granted based on the following evidence:

*The caregiver testified in her deposition that she used the same shower and did not notice any problems*. Ex. B. Huskelhus Depo at 51. This evidence has no bearing on what *plaintiff* encountered.

*The caregiver testified she did not try to wash the areas of plaintiff's body covered by the Hoyer lift where plaintiff suffered burns*. *Id*. at 60:24-61:20. This is true but not dispositive. Just because the caretaker did not try to wash the areas covered by the Hoyer lift does not mean those body parts did not come into contact with the shower water. The alleged burn occurred while the caretaker was getting shampoo and left the water running on Ms. Abel; it is unclear exactly where

4

the water was hitting Ms. Abel at this time. See Dkt. No. 63-2 at 56 ("Q. And you reached for the shampoo with your left hand? A. Yes. Q. What part of her body were you pointing the water at? A. You know, it could – it could be on her shoulder, like, I had the nozzle on her shoulder. I had it on her shoulder. I set it behind her and grabbed for the shampoo. That's the norm. So the shower head is probably on her shoulder … Q. So that you have two hands free? A. Correct.") (Huskelhus Depo).

*The Arcata Fire Department initial report dated September 8, 2015 states "friend walked away, returned to find the water extremely hot and burning the pt (patient)."* Dkt. No. 63-2 at 66 (Ex. D). *Plaintiff suffered first and second degree burns as a result of the exposure to water – there is no evidence of third degree burns, which would be more severe. First and second degree burns can occur at water temperatures both above and below 120 degrees Fahrenheit – it depends on time of exposure.* Defendant argues this evidence shows the water ran on plaintiff's body for more than a few seconds and had the water really been above 120 degrees, plaintiff's burns would have been considerably more severe.

But no one knows for sure how long the water was running on plaintiff while the caretaker retrieved the shampoo, and two witnesses – Ms. Abel and Ms. Huskelhus – both testified the shampoo was in the bathroom only just out of Ms. Huskelhus's reach. Dkt. No. 63-2 at 32:3-10 (Ex. A – Abel Depo.); Dkt. No. 63-2 at 55-56 (Ex. B – Huskelhus Depo.). This testimony contradicts the fire department's report and defendant's theory – creating a material issue of fact.

## II. Damages

Defendant also seeks summary judgment with respect to damages – arguing damages should be limited to September 2015 because plaintiff had not provided evidence for medical treatment after that time. Defendant cites deposition testimony from plaintiff's medical witnesses arguing they show plaintiff had minor burns which healed quickly and there is no evidence she needed treatment after September 2015.

In her opposition papers, plaintiff argued defendant's motion seeks summary judgment on liability, not damages, and stated plaintiff was amending her discovery to list treatments beyond September 2015. Plaintiff was amending her discovery pursuant to the Court's October 7, 2019

order regarding a joint dispute submitted by the parties. Dkt. No. 66. The dispute concerned whether plaintiff needed to provide detailed information underpinning her damages claims. Plaintiff produced thousands of pages of medical records and disclosed 23 treating doctors and argued defendant was in as good of a position as she was to identify what specific damages stemmed from the incident at the Red Roof Inn. Dkt. No. 64 at 3. Defendant argued plaintiff was in a better position, especially considering the volume of records and high number of treating doctors. *Id*. The Court agreed with defendant, finding plaintiff in the best position to answer the questions posed, and ordered plaintiff to supplement her responses to certain interrogatories. Dkt. No. 66. However, the deadline set by the Court for plaintiff to supplement her discovery responses was after defendant's summary judgment motion was fully briefed.

At the November 8, 2019 hearing, plaintiff stated detailed information – including dates, appointments, and specific dollar amounts – were provided to defendant Oceanic Arcata supporting medical damages incurred over several years after the incident. Defendant's counsel confirmed he had received such information. Based on this representation, the Court will not grant Oceanic Arcata's request for summary judgment with respect to damages.

## CONCLUSION

Defendant's motion for summary judgment is denied.

**IT IS SO ORDERED**.

Dated: November 12, 2019

_____
SUSAN ILLSTON
United States District Judge