UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERIE ABEL,<br><br>    Plaintiff,<br><br>    v.<br><br>OCEANIC ARCATA, LP, et al.,<br><br>    Defendants. | Case No. 17-cv-03734-SI<br><br>**ORDER RE DEFENDANT OCEANIC ARCATA MOTION IN LIMINE NUMBER 2**<br><br>Re: Dkt. No. 85 |

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record to decide defendant Oceanic Arcata's Motion in Limine Number 2 without oral argument pursuant to Local Rule 7-2(b). Accordingly, in the interest of avoiding delay, with the pre-trial conference mere days away, the Court rules as follows:

Plaintiff's witness list includes one retained medical expert, Dr. Clifford Periera, and 23 treating doctors. See Dkt. No. 88-2. For each medical witness plaintiff states the witness "will testify as to Sherie's injury, the circumstances surrounding the injury and the lasting effects." *Id*. Defendant argues that most of plaintiff's medical witnesses cannot provide relevant evidence at trial because they did not treat plaintiff immediately following her injury. Dkt. No. 85 at 2. Defendant requests plaintiff submit a brief statement for each medical doctor listed as a witness, explaining the specific medical treatment the witness will testify about. *Id*.

Plaintiff argues defendant could have taken the 23 treating doctors' depositions but chose not to.[1] Dkt. No. 96 at 2. Further, plaintiff argues plaintiff's medical records have been produced and, from those, defendant should be able to deduce what the witnesses will testify about. *Id*. The Court disagrees.

Plaintiff offers the treating doctors to testify as to "Sherie's injury, the circumstances surrounding the injury and the lasting effects." (Dkt. No. 83-1). This generic statement is not enough to comport with this Court's Pre-Trial Instructions requiring the parties to list "all witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together ***with a brief statement following each name describing the substance of the testimony to be given***." Under the circumstances of this action, where plaintiff had multiple pre-existing medical conditions rendering her in need of ADA compliance in the first place, the necessary "substance" of the testimony will include at least when the witness treated plaintiff, what treatment the witness provided, and whether it was related to the injuries claimed in this action.

As such, the Court hereby GRANTS defendant Oceanic Arcata's Motion in Limine No. 2. **<u>On or before Monday January 27, 2020 at 5 p.m.</u>**, plaintiff shall file an amended witness list, which for each doctor listed as a witness, briefly explains what medical treatments/information the doctor will testify about, when such treatment occurred and whether it was related to the underlying incident.

**IT IS SO ORDERED**.

Dated: January 22, 2020

SUSAN ILLSTON
United States District Judge

---

[1] Plaintiff argues all the physician witnesses were "timely-disclosed" and defendant could have deposed them if it so chose. Dkt. No. 96 at 2. However, if the witnesses were properly disclosed pursuant to FRCP 26(a)(2)(C) plaintiff should have included: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Based on the record before the Court it is unclear if plaintiff has done so. If plaintiff has already done so, complying with this order will hardly be burdensome. If plaintiff has not done so, the witnesses were not properly disclosed in the first place.