UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERIE ABEL,<br><br>            Plaintiff,<br><br>    v.<br><br>OCEANIC ARCATA LP, et al.,<br><br>            Defendants. | Case No. 17-3734 SI<br><br>**FINAL PRETRIAL SCHEDULING ORDER**<br><br>Re: Dkt. Nos. 92, 93, 94 |

On January 28, 2020, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning February 18, 2020. All parties were represented by counsel. The following matters were resolved:

**1.** **Number of jurors and challenges:** There will be a jury of 8 members. Each side shall have 4 peremptory challenges.

**2.** **Voir dire:** The Court will conduct general voir dire, including various of the questions requested by counsel in their proposed additional voir dire filings. Counsel for each side shall have up to 20 minutes total to question the panel. The parties are directed to meet and confer concerning a neutral, non-argumentative statement of the case which can be read to the jury panel at the beginning of the voir dire process; **this statement shall be provided to the Court no later than Friday, February 14, 2020 at 3:00 p.m.**

**3.** **Jury instructions:** The Court received proposed jury instructions from the parties;

substantial disagreements remain between the parties. The parties are directed to meet and confer to resolve as many disputes as possible. **<u>The parties are further directed to provide to the Court no later than Tuesday, February 18, 2020</u>** a succinct statement of the fundamental disagreements in the substantive instructions, together with the (few) competing instructions reflecting those disagreements. The Court will review same and inform counsel prior to closing argument which substantive instructions will be given.

**4. Trial exhibits:** No later than Friday, February 14, 2020, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The Court shall be provided with three sets (the originals for the file, one set for the Court and one set for the witnesses).

**5. Bifurcation:** Defendant Oceana Arcata seeks bifurcation of the injunctive relief claims (against defendant 4975 Valley West LLC only) from the damages claims (against defendant Oceana Arcata only). Neither plaintiff nor Defendant 4975 Valley West seeks bifurcation. The Court finds that it is appropriate to bifurcate the damage and injunctive relief claims. The Court orders that the jury trial/damages claims against Oceana Arcata will be bifurcated from and tried before the injunctive relief claims. At the completion of the jury trial, the Court will set a schedule for resolution of the injunctive relief claims. Counsel for 4975 Walley West is not obliged to attend the damages trial.

**6. Timing of trial:** Plaintiff estimates that the trial should take roughly 8 days if the damages and injunctive relief claims are tried together, and defendant estimates it should take no more than 4 days, particularly if the claims are bifurcated. The Court has reviewed the parties' proposed witness lists, and notes that plaintiff plans to call three percipient lay witnesses, one ADA

expert and 22 treating physicians. The treating physicians are all slated to testify to the effect that every medical event or treatment since September, 2015 has been caused by or exacerbated by plaintiff's original burn. Defendant Oceana Arcata lists one witness. Under these circumstances, it appears that there would be considerable duplication and redundancy if all the proposed witnesses testified. Further, since the damage claims are being bifurcated from the injunctive relief claims, the required trial time should be less. Based on these matters, and a review of the other materials in the Joint Pretrial Conference Statement, the Court will set the matter for a 7 day trial, as follows: each side shall have up to 45 minutes to present opening statements; each side shall have 12.5 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 1 hour for closing argument.

**7.     Trial schedule:** Jury selection will begin on February 18, 2020, at 8:30 a.m. The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30 minute break at noon and a 15 minute break at 2:00 p.m., all times approximate. The Court does not hear trials on Fridays, although juries may continue to deliberate on Fridays.

**8.     Motions in limine:** The parties filed five motions in limine. Docket Nos. 92, 93, 94. After consideration of the arguments made in the briefs and at the pretrial conference, the Court rules as follows:

**Plaintiffs' motion #1** to preclude defendants from introducing evidence of plaintiff's prior litigation history and/or prior settlements: Plaintiff argues that such evidence is not relevant and, in any event, should be excluded per Federal Rule of Evidence 403 as unfairly prejudicial. Defendant Oceanic Arcata states it will not offer such evidence to attack plaintiff's character, and that such evidence would only be offered if plaintiff "opens the door" to (a) show plaintiff's expert, Joe Card, is biased because he has been hired so many times or (b) to explain plaintiff's knowledge about

disability laws, building standards, or other issues plaintiff gained specialized knowledge of from previous litigations. The Court ORDERS that no evidence of plaintiff's prior litigation history shall be offered or presented to the jury prior to an offer of proof and specific approval by the Court.

**Plaintiffs' motion #2** to exclude any undisclosed or unpled affirmative defenses. Defendant Oceanic Arcata does not oppose the motion but states plaintiff should object if/when an allegedly improper defense is asserted. This motion is GRANTED.

**Plaintiffs' motion #3** to preclude potential expert witnesses from improperly testifying as to legal conclusions. Plaintiff argues that what the ADA Accessibility Guidelines require, and which sections apply, is a question of law inappropriate for expert testimony and seeks an order excluding experts from testifying thereon. Oceanic Arcata does not directly oppose the motion but states plaintiff should object if/when allegedly improper expert testimony is given. The motion is GRANTED.

**Defendant's motion #1** to exclude testimony from Dr. Ballard. Defendant seeks to exclude testimony from plaintiff's medical witness Dr. Leslie Ballard. Defendant argues Dr. Ballard is neither a treating doctor because she has not produced any medical records, nor is she a properly disclosed expert witness because she did not submit an expert report. Plaintiff offers Dr. Ballard's testimony as to her "examination, diagnosis, treatment and/or prognosis of Plaintiff." (Dkt. No. 83-1). Plaintiff asserts Dr. Ballard is offered and properly disclosed as a treating physician, specifically Ms. Abel's OB/GYN who examined plaintiff on 4/2/19, and not a retained expert. (Dkt. No. 96). Defendant asserts, and plaintiff does not deny, that plaintiff has produced no medical records for Dr. Ballard. Plaintiff is ordered to produce Dr. Ballard's medical records to defendants on or before February 10, 2020. If no medical records are produced, Dr. Ballard will be excluded. To this extent, the motion is GRANTED.

**Defendant's motion #2** seeking offer of proof as to proposed medical witnesses. This motion was already GRANTED.

**9. Other Matters:**

On or before February 10, 2020 plaintiff shall file an updated – truncated – witness list that more accurately reflects who she will actually call for trial and eliminates redundancies.

On or before February 10, 2020, plaintiff may file a four-page motion addressing the collateral source rule as raised in the parties' joint-pretrial submission, during the January 28, 2020 pretrial conference, and addressing at least the two cases mentioned by the Court (*Hill v. Novartis Pharms. Corp.*, 944 F. Supp. 2d 943 2013 U.S. Dist. LEXIS 67125; and *Pooshs v. Phillip Morris USA, Inc.*, 2013 U.S. Dist. LEXIS 72769).

**IT IS SO ORDERED**.

Dated: January 28, 2020

_____
SUSAN ILLSTON
United States District Judge